HOME INSURANCE COMPANY v ROSQUIN

Docket Nos. 78-4283, 78-4302. Submitted May 15, 1979, at Detroit.—
Decided June 6, 1979. Leave to appeal applied for.

A place of business insured by the Home Insurance Company was
damaged as a result of a truck-car collision. The truck was
driven by Frank E. Rosquin who was insured by Dairyland
Insurance Company. The truck tractor was owned by James C.
Bennett and was not insured. The truck trailer was owned by
Elek Papp, Jr., and insured by Auto-Owners Insurance Com-
pany. The car was driven by Sally A. Geer and insured by State
Farm Mutual Automobile Insurance Company. Home Insur-
ance paid for the damages and, after unsuccessfully attempting
subrogation against Auto-Owners, brought an action against
Rosquin, Papp and Geer. Some months later, an amended
complaint was filed to add as defendants Bennett, Dairyland,
State Farm, and Auto-Owners. State Farm and Auto-Owners
alleged that the action was barred as to them by the limitation
of action provision of the no-fault automobile insurance act.
The Oakland Circuit Court, Robert J. Chrzanowski, J., rejected
that allegation and granted summary judgment in favor of
Home Insurance against State Farm and Auto-Owners. State
Farm and Auto-Owners each appeal, and the appeals are
consolidated for hearing and decision. Held:

The statute of limitations contained in the no-fault act bars
the action against State Farm and Auto-Owners.

Reversed.

INSURANCE — AUTOMOBILES — NO-FAULT — LIMITATIONS OF ACTIONS
— STATUTES.

An action for recovery of property protection insurance benefits
under the no-fault act is subject to a one-year statute of
limitations (MCL 500.3145[2]; MSA 24.13145[2]).

*Russ, Soloy & Kochansky,* for plaintiff.

REFERENCE FOR POINTS IN HEADNOTE
44 Am Jur 2d, Insurance §§ 1903, 1906.

*Romain, Donofrio & Kuck, P.C.,* for defendant State Farm Mutual Automobile Insurance Company.

*Nunneley, Nunneley, Hirt & Rinehart, P.C.,* for defendant Auto-Owners Insurance Company.

Before: N. J. KAUFMAN, P.J., and ALLEN and K. B. GLASER, JR.,* JJ.

PER CURIAM. Defendants Auto-Owners Insurance Company and State Farm Mutual Automobile Insurance Company appeal by right from a September 26, 1978, summary judgment issued against them by the Macomb County Circuit Court. Both companies claim that the statute of limitations barred this action against them. We agree and reverse.

On December 13, 1974, a truck-car collision resulted in damage to a fur shop insured by plaintiff Home Insurance Company. The car was driven by Ms. Geer who had a no-fault insurance policy with State Farm. The truck was driven by Mr. Rosquin who had a no-fault insurance policy with Dairyland. The truck tractor was owned by Mr. Bennett but was not insured. The truck trailer was owned by Mr. Papp who had a no-fault insurance policy with Auto-Owners.

On April 4, 1975, after plaintiff had paid the fur company for its damages, plaintiff sent a notice of lien and subrogation interest to Auto-Owners. On August 8, 1975, Auto-Owners advised plaintiff that it did not intend to make any voluntary payments on the claim.[1]

Plaintiff's first complaint was filed against Mr.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] These facts were alleged in plaintiff's brief. Neither defendant disputed the truthfulness of the claims.

Rosquin, Mr. Papp and Ms. Geer on December 9, 1975. However, on May 18, 1976, plaintiff filed an amended complaint to add Mr. Bennett, Dairyland, State Farm and Auto-Owners as defendants.

Numerous motions for accelerated or summary judgment were filed by the parties. Defendants State Farm and Auto-Owners raised the no-fault act's one-year statute of limitations as a bar to plaintiff's action against them. The circuit court specifically rejected State Farm's argument, finding that plaintiff's suit against Ms. Geer "was in fact a suit against her insurer State Farm Mutual Automobile Insurance Company under the authority of *Kirkwood v DuRussell,* Court of Appeals Docket 30893 (11-25-77)".[2] Plaintiff's motion for summary judgment against defendants Auto-Owners and State Farm was granted on September 26, 1978, and those defendants now appeal.

Under the no-fault act's property protection insurance provisions, and subject to certain exclusions not applicable here, MCL 500.3123; MSA 24.13123, a no-fault insurer is liable to pay benefits for accidental damage to tangible property when such damage arises out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle. MCL 500.3121; MSA 24.13121. A person suffering accidental property damage must claim property protection insurance benefits from the insurers of owners or registrants of vehicles involved in the accident or, if there are no such insurers, from the insurers of operators of vehicles involved in the accident. MCL 500.3125; MSA 24.13125. As stated in *Shavers v Attorney General,* 402 Mich 554, 631; 267 NW2d 72 (1978):

---

[2] *Kirkwood, supra,* is an unpublished per curiam opinion of this Court. As such, it has no precedential value. In any event, *Kirkwood* is specifically limited to its peculiar facts.

"*Under the property protection scheme, owners of tangible property* and properly parked motor vehicles *collect from the insurer of the motor vehicle which inflicted the damage.* Owners of moving or improperly parked motor vehicles may collect compensation from their own insurers, if they have chosen to self-insure.

"The different treatment of moving vehicles and tangible property and properly parked vehicles is related to the second conceptual difficulty relating to the use of fault in a no-fault act. Common sense would indicate, and actuarial studies have shown, that in accidents involving motor vehicles and tangible property, the motor vehicle is usually at fault. Consequently, *the act makes the motorist strictly liable for the damage he does to tangible property and requires him to purchase insurance for such damage.*" (Emphasis supplied and footnote omitted.)

In pursuing property protection insurance benefits from the appropriate insurer, the injured party is restricted by the one-year statute of limitations in MCL 500.3145(2); MSA 24.13145(2):

"An action for recovery of property protection insurance benefits shall not be commenced later than 1 year after the accident."

The accident in the instant case occurred on December 13, 1974, and plaintiff's complaint was not amended to include State Farm and Auto-Owners, the appropriate insurers under MCL 500.3125, until May 18, 1976, or 17 months after the accident. This is so even though plaintiff knew, at least as early as April 4, 1975, that Auto-Owners insured Mr. Papp. Even if we were to charge defendant Auto-Owners with the four months it used in 1975 to evaluate plaintiff's notice of lien and subrogation interest, see *The Tom Thomas Organization, Inc v Reliance Ins Co,* 396 Mich 588; 242 NW2d 396 (1976), and *Richards v American*

*Fellowship Mutual Ins Co,* 84 Mich App 629; 270 NW2d 670 (1978), plaintiff still did not commence the action against Auto-Owners within one year from the date of the accident. Therefore, plaintiff's action for recovery of property protection insurance benefits from Auto-Owners and State Farm is barred by the one-year statute of limitations.[3] See *Davis v Farmers Ins Group,* 86 Mich App 45, 48-49; 272 NW2d 334 (1978), and *Forest v Parmalee (On Rehearing),* 60 Mich App 401, 406; 231 NW2d 378 (1975), *aff'd* 402 Mich 348; 262 NW2d 653 (1978).

This result may appear harsh, but the statute is plain. We also note that plaintiff is an insurance company itself and is presumably well aware of the much-publicized insurance law of this state. Under the circumstances, plaintiff's arguments should be presented to the Legislature and not to the courts.

Reversed.

---

[3] If plaintiff did not know who the defendants' insurers were or could not have discovered, after reasonable effort, who the insurers were, we might have been persuaded to adopt a different result.