128 Mich. App. 120 (1983)
339 N.W.2d 713
BADGER STATE MUTUAL CASUALTY INSURANCE COMPANY
v.
AUTO-OWNERS INSURANCE COMPANY
Docket No. 63268.
Michigan Court of Appeals.
Decided August 16, 1983.
Foster, Swift, Collins & Coey, P.C. (by Michael J. Schmedlen), for plaintiff.
Nunneley, Hirt, Rinehart & Cermak, P.C. (by Thomas D. Rinehart), for defendant.
Before: DANHOF, C.J., and V.J. BRENNAN and N.A. BAGULEY,[*] JJ.
*122 V.J. BRENNAN, J.
Plaintiff appeals as of right from the trial court's order granting accelerated judgment in favor of the defendant.
Dwain Read was seriously injured on July 10, 1978, when the motorcycle he was riding collided with an unidentified automobile. At the time of the accident, Read was insured under a no-fault automobile insurance policy issued by plaintiff. Plaintiff voluntarily paid no-fault benefits to Read from July 10, 1978, to September 3, 1979.
In the meantime, on August 11, 1978, Read filed a claim for workers' compensation benefits. Defendant, Read's employer's workers' compensation insurance carrier, initially denied liability on Read's compensation claim. However, in September, 1979, defendant conceded that Read was injured in the course of his employment and commenced paying compensation benefits to Read. Defendant also reimbursed plaintiff for the work loss benefits which plaintiff paid to Read from July 10, 1978, to September 3, 1979. Plaintiff and defendant disagreed, however, as to whether defendant was liable to Read for certain expenses incurred in purchasing appliances and in remodeling the Read household in order to accommodate Read, who was paralyzed as a result of the accident. Plaintiff had compensated Read for these expenses and took the position that defendant was responsible for these expenses and, therefore, plaintiff was entitled to reimbursement from defendant for these expenses. Defendant denied liability for the expenses and suggested that plaintiff and defendant resolve the question in circuit court. Plaintiff believed that the Bureau of Workers' Disability Compensation (bureau) had primary jurisdiction over the question. In view of this belief and since Dwain Read's claim for compensation benefits covering such expenses *123 was still pending before the bureau, plaintiff suggested that the parties forego the circuit court action and await resolution of Read's compensation claim before settling the reimbursement issue.
Plaintiff now contends that defendant agreed that the amount which defendant would reimburse plaintiff for medical expenses and other expenses paid would be either voluntarily agreed upon or determined by the result of Read's compensation claim against defendant. Defendant, however, has consistently denied this allegation. While the substance of any agreement between plaintiff and defendant as to the reimbursement issue is speculative, it is clear that defendant acknowledged that plaintiff was entitled to reimbursement for no-fault benefits paid to Read as compensation for his medical expenses and that defendant refused to reimburse plaintiff for the medical expenses until the question of whether it was liable for the appliances and remodeling costs was settled.
In any case, Dwain Read apparently withdrew his compensation claim during the first week of July, 1981, and on July 9, 1981, plaintiff commenced the present action, seeking reimbursement for the no-fault benefits which it paid to Read as compensation for his medical expenses and for the disputed expenses. On October 15, 1981, defendant moved for accelerated judgment based upon the no-fault act's one-year period of limitations. MCL 500.3145; MSA 24.13145. The trial court granted defendant's motion for accelerated judgment finding that §§ 3145 and 3146 of the no-fault act barred plaintiff's reimbursement action because the action was not timely.
Plaintiff's sole claim on appeal is that the trial court erred in granting the defendant's motion for accelerated judgment. Plaintiff contends that the *124 one-year period of limitations provision set forth in the no-fault act, MCL 500.3145; MSA 24.13145, is not applicable to the present case. Alternatively, plaintiff claims that, if the one-year period of limitations applies in this case, then it was tolled under these circumstances so that plaintiff's action was timely filed.
Section 3145(1) of the no-fault act, upon which the trial court relied, provides:
"An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury."
Plaintiff argues that § 3145 does not apply because the cases relied upon by defendant and the trial judge are inapplicable to the present situation. The trial court discussed this Court's opinion in Home Ins Co v Rosquin, 90 Mich App 682; 282 NW2d 446 (1979), lv den 408 Mich 855 (1980), and Federal Kemper Ins Co v Western Ins Co, 97 Mich *125 App 204; 293 NW2d 765 (1973). In Home Ins Co v Rosquin, supra, the Home Insurance Company paid casualty insurance benefits to a fur shop for property damage which resulted from an automobile accident involving several motor vehicles. Thereafter, the Home Insurance Company, as subrogee of the fur shop, filed suit against the drivers of the vehicles seeking recovery of the casualty benefits paid. Subsequently, the Home Insurance Company amended its complaint to add the drivers' insurers. Two of the defendant insurers moved for dismissal based upon § 3145(2) which provides that an action for recovery of property protection insurance benefits shall not be commenced later than one year after the accident. The trial court rejected the defendants' argument. On appeal, this Court reversed, holding that the suit was for recovery of no-fault benefits and, therefore, § 3145(2) barred the plaintiff's action. Home Ins Co v Rosquin, supra, p 685.
In Federal Kemper, supra, the plaintiff's no-fault insurer brought an action in quasi-contract against the defendant, another no-fault insurer, to recover the amount of no-fault benefits the plaintiff had paid for injuries suffered by a person to whom the defendant was primarily liable for no-fault benefits. The trial court granted the defendant's motion for accelerated judgment based upon § 3145(1). On appeal, this Court found that, despite plaintiff's characterization of its action as quasi-contractual, the action was, in effect, one in equity for subrogation. Relying upon the principle that a subrogee acquires no greater rights than his subrogor, the Court held that, since an action against the defendant by the insured would be barred by § 3145(1), the subrogation action was also barred.
In addition to Home Ins Co v Rosquin and *126 Federal Kemper, defendant relies upon this Court's opinions in Michigan Mutual Ins Co v Home Mutual Ins Co, 108 Mich App 274; 310 NW2d 362 (1981), and Keller v Losinski, 92 Mich App 468; 285 NW2d 334 (1979). In Michigan Mutual, as in Federal Kemper, a no-fault insurer which had paid an injured person no-fault benefits, sued another no-fault insurer for reimbursement of the benefits paid, arguing that the defendant insurer was primarily liable for the benefits. The court granted defendant accelerated judgment based upon § 3145(1), and this Court affirmed based upon this Court's decisions in Home Ins Co v Rosquin and Federal Kemper, stating that the case sub judice was no less a subrogation action than Federal Kemper. Because the action was one for subrogation, § 3145(1) was properly applied to bar plaintiff's claim for reimbursement.
In Keller v Losinski, supra, a no-fault insurer sought reimbursement for no-fault benefits paid to a motorcyclist. On appeal, this Court ruled that the trial court erred in denying the defendant's motion for accelerated judgment based upon § 3145(1). The Court in Keller stated:
"Finally, Michigan Mutual cannot avoid the statute of limitations by classifying its action as one for indemnification rather than one for recovery on personal injuries. In its indemnification action, Michigan Mutual is subrogated to plaintiff's rights and cannot recover where plaintiff would be barred from bringing his own action." 92 Mich App 473.
The plaintiff in the case at bar argues that the cases discussed above are distinguishable because they involve suits by no-fault insurers against other no-fault insurers, while the present case involves a suit against a workers' compensation *127 carrier based upon § 3109 of the no-fault act. According to plaintiff, in each of the cases relied upon by defendant, the no-fault carrier seeking reimbursement had inadequately investigated the insured's claim and improperly paid no-fault benefits. Thus, plaintiff maintains it was not harsh to apply the one-year statute of limitations to those reimbursement claims. Further, plaintiff contends that in the present case it was defendant, not plaintiff, who improperly investigated Read's claim for compensation benefits and, unlike the no-fault insurers in the cases discussed above, plaintiff is not seeking reimbursement for no-fault benefits or pursuing a subrogation claim but, based upon an implied contract of indemnity, it is seeking an amount equal to the compensation benefits which defendant owed Dwain Read and which defendant refused to pay to him. Plaintiff argues that, because neither Mr. Read nor plaintiff has ever had any basis for obtaining no-fault benefits from defendant, there is no valid argument for applying § 3145(1) to this case.
We disagree with plaintiff's argument that § 3145(1) is inapplicable to the present case. Plaintiff's contention that the cases relied upon by defendant all involved reimbursement suits by no-fault insurers against other no-fault insurers is incorrect. As stated above, Home Ins Co v Rosquin, supra, involved a suit by a casualty insurer against a no-fault carrier. We further disagree with plaintiff's claim that the present action is not a suit for reimbursement for recovery of no-fault benefits. No matter how one characterizes the plaintiff's action, it is, in effect, a suit for recovery of no-fault benefits paid, just as were the actions in Federal Kemper, Michigan Mutual, and Keller v Losinski.
*128 However, there is an important difference between the present case and the Federal Kemper, Michigan Mutual, and Keller v Losinski cases, which plaintiff fails to discuss. In those cases, the application of § 3145(1) to the reimbursement suits was premised on a subrogation theory. As indicated above, the panels in those cases reasoned that, since those cases were properly characterized as subrogation actions, the plaintiff insurer could not pursue an action for reimbursement of no-fault benefits paid if a suit by the insured against the defendants for such benefits would be barred by § 3145(1). In the present case, however, a suit by the insured, Dwain Read, against defendant would not be barred by § 3145(1), because Read's claim against defendant was for compensation benefits. Thus, § 3145(1) would be clearly inapplicable to such a claim. Therefore, even if plaintiff's action is viewed as a subrogation claim, since an action by Read against defendant could not be barred by § 3145(1), the subrogation rationale applied in Federal Kemper, Michigan Mutual and Keller v Losinski would not preclude plaintiff's action.
However, even though the subrogation analysis applied in Federal Kemper, Michigan Mutual, and Keller v Losinski, cannot be applied to bar the plaintiff's action, we find that the trial court was correct in finding that § 3145(1) applied to this case and precluded plaintiff's claim. In the instant case, plaintiff is clearly seeking recovery of the no-fault benefits paid to Read. As the trial court stated, while plaintiff's arguments are compelling, "the statutory language of MCL 500.3145 and 500.3146 makes mandatory the one-year statute of limitations where an action is commenced for recovery of personal protection insurance benefits * * * [t]he legislature intended by this section to *129 make the subject matter of the action determinative of the limitation rather than the position of the defendant, as plaintiff would advocate."
We further find that, if § 3145(1) is applicable to a suit by a casualty insurer against a no-fault insurer for recovery of casualty benefits paid to an insured, Home Ins Co v Rosquin, then the section is also applicable to an action by a no-fault insurer against a workers' compensation insurer for reimbursement of no-fault benefits paid to an insured. To create an exception for suits against compensation carriers would defeat the purpose of the section and the no-fault act in general, which is to ensure prompt settlement of claims. Federal Kemper, supra, p 211.
Plaintiff next contends that, even if § 3145(1) is applicable to this case, it is tolled by virtue of the facts of the case. In making this argument, plaintiff relies upon Matti Awdish, Inc v Williams, 117 Mich App 270; 323 NW2d 666 (1982). In Matti Awdish, Inc, a liquor store owned by plaintiff Matti Awdish, Inc., was damaged when a motor vehicle driven by the defendant, Randy Williams, crashed into it. Farmer's Insurance Group, Williams's no-fault insurer, offered plaintiff a sum of money to cover its losses, but the offer was rejected as being inadequate. Thereafter, suit was brought against Williams by Matti Awdish, Inc., Fami Awdish, Mike Awdish, and Alla Awdish. The trial court granted Williams's motion for summary judgment, finding that the no-fault act rendered him immune from tort liability. Plaintiffs then filed a motion to add Farmer's Insurance Group, which motion was denied because the one-year period of limitations in § 3145(2) had expired. On appeal, this Court ruled that, although the case was very close, the period of limitations should not *130 bar plaintiffs' claim against Farmer's Insurance Group. The Court stated:
"In November, 1978, Farmers Insurance Group indicated that it would adjust plaintiffs' claim. Only when the insurer and plaintiffs could not agree on the amount of damages was this suit instituted. Defendant forwarded the complaint and summons to his insurer. The insurer, in turn, retained the law firm which provided defendant's defense in this case. It is obvious that the Farmers Insurance Group had actual knowledge of the pendency of the suit. The insurer's law firm only brought its motion for summary judgment on defendant's behalf after the one-year limitations period of MCL 500.3145(2); MSA 24.13145(2) had safely expired. It may be inferred that this concededly clever tactic was taken with malice aforethought, particularly given that the answer filed on behalf of defendant asserted as an affirmative defense that he was `an improper party to this litigation'. We recognize that mere knowledge of a lawsuit on the part of a potential party does not preclude that party from asserting a statute of limitations defense if it is added as a party defendant. Higginbotham v Fearer Leasing, Inc, 32 Mich App 664, 676; 189 NW2d 125 (1971), lv den 385 Mich 765 (1971). Here, however, there was much more than mere knowledge. The insurer literally conducted the defense for the insured. Presumably, had the insured hired his own attorney, that lawyer would have immediately moved for summary judgment and not have waited until the limitations period had run against the insurer. Moreover, based on existing precedent, it could not be said to have been obvious that the insurer was the proper party defendant to a suit seeking no-fault benefits for economic loss, and conversely, that the insured was an improper party. Thus, this is not a simple case of lack of diligence or negligence on the part of plaintiff's counsel. In view of these considerations we see no injustice in requiring the Farmers Insurance Group to defend against plaintiffs' complaint on its merits.
"The instant situation can be likened to the so-called *131 misnomer cases where the right party is served under a wrong name or in an incorrect capacity. In this situation, the courts have deemed the applicable statute of limitations tolled because the true defendant had notice of the litigation and was not prejudiced by the amendment. For a general discussion of the misnomer problem, including citations, see Cobb v Mid-Continent Telephone Service Corp, supra, 354-357. The instant case does not involve a true misnomer problem because defendant cannot be considered the agent of the insurer. However, as noted above, given the fact that the insurer actually controlled the defense in this action, the policy behind recognizing a statute of limitations defense  the foreclosure of stale claims  is wholly inapplicable. Not only did the insurer have notice of the action, it ran the defense. As such, it can hardly claim that it would be unfairly forced to litigate a stale claim if the applicable limitations period were deemed tolled. Compare Hiner v State Highway Comm, 96 Mich App 497; 292 NW2d 709 (1980), lv den 409 Mich 914 (1980)." (Footnote omitted.) 117 Mich App 278-280.
In the case at bar, plaintiff argues that the defendant, like the no-fault insurer in Matti Awdish, Inc, actually defended itself before the Workers' Compensation Bureau while the one-year limitation was running. Furthermore, plaintiff contends that it was clear that, while the period of limitations was running, the bureau had primary jurisdiction over the claim for compensation benefits, Szydlowski v General Motors Corp, 397 Mich 356; 245 NW2d 26 (1976), and, therefore, plaintiff did not file an action in circuit court against defendant because jurisdiction was with the bureau. Plaintiff argues that, because plaintiff's counsel was pursuing the reimbursement claim in the only manner which he could discern was proper while the limitation period ran, the present case could not be considered stale and the period of limitations should have been tolled.
*132 We disagree with plaintiff and find that Matti Awdish, Inc is distinguishable from the present case. Unlike the plaintiff in Matti Awdish, Inc, the plaintiff in the present case is a no-fault insurer and well acquainted with the no-fault act and the workings of § 3145(1). Furthermore, unlike Matti Awdish, Inc, the defendant in this case consistently refused to reimburse plaintiff for the disputed expenses and did not engage in any delaying tactics. Further, plaintiff was well aware that defendant could be liable for the expenses paid by plaintiff. Indeed, defendant suggested that plaintiff file an action in circuit court, which plaintiff refused to do, believing that the compensation tribunal was the proper forum. While the bureau was arguably the proper forum to pursue the question of whether defendant was liable for the disputed expenses, plaintiff chose not to intervene in the action but took a passive role, awaiting the outcome of a compensation claim which the claimant had no incentive to pursue since he had already been compensated for the disputed expenses and had been paid compensation benefits by defendant. Contrary to plaintiff's arguments, it was not clear during the period that Read's claim against defendant for compensation benefits was pending before the bureau that plaintiff could not intervene in the compensation proceeding in order to protect its rights. Although plaintiff would not have a right to intervene if the compensation claim was settled or redeemed, Harkle v American Sunroof Corp, 1980 WCABO 1489, Read's compensation claim was not withdrawn until July, 1981, thus allowing plaintiff ample time to intervene in the action and toll the running of the period of limitations. In any event, if plaintiff was confused as to its ability to intervene, it could have at least attempted to do so or filed an action in circuit court, as suggested *133 by defendant. Had plaintiff filed an action in circuit court, then it appears that the running of the period of limitations in § 3145(1) would have been tolled. MCL 600.5856, subds (1), (3); MSA 27A.5856, subds (1), (3).
Plaintiff also maintains that running of the period of limitations should be tolled under MCL 600.5856(2); MSA 27A.5856(2), which provides in part:
"The statutes of limitations are tolled when

* * *
"(2) jurisdiction over the defendant is otherwise acquired."
Plaintiff asserts that jurisdiction was acquired over defendant in the compensation proceeding and, therefore, under subd 2 of the above quoted statute, the running of the period of limitations in § 3145(1) was tolled. In support of this position, plaintiff relies upon Affiliated Bank of Middleton v American Ins Co, 77 Mich App 376; 258 NW2d 232 (1977), which indicates that a plaintiff does not have to be a party to a prior action where jurisdiction over the defendant is acquired in order to take advantage of the tolling provisions of MCL 600.5856(2); MSA 27A.5856(2) when the plaintiff in the prior action represents the same interest as does the plaintiff in the present action.
Plaintiff's position is without merit. In Buscaino v Rhodes, 385 Mich 474; 189 NW2d 202 (1971), the Supreme Court explained the scope of the tolling statute, as follows:
"MCL 600.5856; MSA 27A.5856 merely provides a substitute for the repealed 1948 MCL 609.19; MSA 27.611. It deals only with prior lawsuits between the parties which have not adjudicated the merits of the *134 action. This understanding of MCL 600.5856; MSA 27A.5856 conforms with the scheme of the five preceding sections of the Revised Judicature Act, all of which deal with extension and suspension of periods of limitations." (Emphasis added.)
In Barczak v Rockwell International Corp, 68 Mich App 759, 761-763; 244 NW2d 24 (1976), this Court held that, under Buscaino v Rhodes, the tolling statute does not apply to cases where jurisdiction is acquired over defendant in an administrative action, but only to cases where jurisdiction is acquired in a prior lawsuit. Since the workers' compensation claim against defendant was an administrative proceeding, not a prior lawsuit, MCL 600.5856; MSA 27A.5856 does not apply.
Thus, in conclusion, we find that the one-year period of limitations set forth in § 3145 of the no-fault act applies. Because the running of the period of limitations was not tolled and plaintiff's claim was not timely filed, the trial court did not err in granting accelerated judgment in favor of the defendant.
Affirmed.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.