## ADAMS v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 84937. Submitted March 13, 1986, at Detroit. Decided
  August 19, 1986. Leave to appeal applied for.

  On May 5, 1983, plaintiff, James W. Adams, was involved in a
  motor vehicle accident which left him permanently disabled.
  He applied to the defendant, Auto Club Insurance Association,
  his no-fault automobile insurer, for work-loss benefits. At the
  time of the accident, plaintiff was a self-employed cosmetologist
  who worked as an independent contractor, paying chair rental
  to the shop in which he worked and his own business expenses.
  Defendant approved payment of eighty-five percent of plaintiff's
  average daily gross receipts commencing May 6, 1983. In May,
  1984, defendant determined that it had been overpaying the
  plaintiff and terminated further payments. Defendant main-
  tained that plaintiff was only entitled to eighty-five percent of
  his net as opposed to his gross revenue and that defendant
  should have deducted plaintiff's business expenses, claimed on
  Schedule C of his federal income tax return, from plaintiff's
  gross income in order to calculate his work-loss benefits. Plain-
  tiff then filed suit in the Wayne Circuit Court seeking reinstate-
  ment of the payments. Defendant filed a counter-complaint
  seeking reimbursement for the amounts previously paid to the
  plaintiff allegedly in excess of what plaintiff was entitled to
  under the no-fault act. The trial court, Thomas Roumell, J.,
  denied a motion for summary judgment by the plaintiff and
  ordered a judgment in favor of the defendant by declaring the
  proper method of calculating work-loss benefits and ordering
  the reimbursement of any overpayment. The trial court also
  awarded the plaintiff attorney fees in the amount of $250.
  Plaintiff appeals by leave granted from the trial court's judg-
  ment and order and the defendant cross-appeals.

  The Court of Appeals held:

  1. The term "loss of income from work" under § 3107(b) of

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340 et seq.

Am Jur 2d, Limitation of Actions §§ 61 et seq.

See the annotations in the Index to Annotations under Limitation
  of Actions; No-fault Insurance.

the no-fault act contemplates the deduction of business expenses from gross income where the claimant is a self-employed individual. The trial court did not err in ruling that plaintiff's business expenses should be deducted from his gross receipts in determining his lost income.

2. The trial court did not err in determining which business-related expenses should be deductible business expenses for purposes of determining work-loss benefits. The Court of Appeals refused to adopt the rule advocated by the defendant that all of a self-employed claimant's business expenses reported on Schedule C of a federal income tax return should automatically be deducted in determining work-loss benefits under the no-fault act.

3. The trial court did not err in ruling that defendant could recover any overpayment of plaintiff's work-loss benefits. There is nothing in the language of the no-fault act or its legislative purpose that requires a construction abolishing the common-law right of reimbursement for payments made under a mistake of fact.

4. The one-year period of limitation found in § 3145(1) of the no-fault act is not applicable to this action because defendant's action seeking recovery for amounts overpaid involves a common-law right of action. The general six-year limitation period provided for in MCL 600.5813 is applicable to defendant's claim for reimbursement.

5. The trial court's decision to deny plaintiff's request for attorney fees under MCL 500.3148 was entirely appropriate. Once § 3148 was found to be inapplicable, the trial court had no authority to award the plaintiff $250 in attorney fees and the grant of $250 was inappropriate and is reversed.

Affirmed in part and reversed in part.

J. E. TOWNSEND, J., concurred with the majority except as to their determination of the period of limitation applicable to defendant's claim for reimbursement for the overpayment of work-loss benefits. He noted that both parties seek the recovery of no-fault benefits and believes that it does not matter whether the defendant's form of action is based upon statute or common law because the nature of damages sought determines which statute of litations should be applied. He believes that it is patently unfair to apply a one-year period of limitation to a claim for payment of no-fault benefits and to apply a six-year period of limitation to a claim for reimbursement of no-fault benefits paid in error under the same insurance contract and as a result of the same motor vehicle accident. He would reverse that part of the trial court's decision which applied a six-year

period of limitation and remand for application of a one-year period of limitation to defendant's claim for reimbursement of no-fault benefits paid in error.

Opinion of the Court

1. Insurance — No-Fault Act — Work-Loss Benefits — Self-Employed Persons.

A self-employed person is entitled to recover work-loss benefits under the no-fault act; the business expenses of such person should be deducted from his gross receipts in determining his lost income (MCL 500.3107[b]; MSA 24.13107[b]).

2. Insurance — No-Fault Act.

The goal of the no-fault act is to place individuals in the same, but no better, position than they were before their automobile accident (MCL 500.3101 et seq.; MSA 24.13101 et seq.).

3. Insurance — No-Fault Act — Work-Loss Benefits — Self-Employed Persons — Business-Related Expenses.

The decision concerning whether certain business-related expenses of a self-employed insured are deductible business expenses for purposes of determining the insured's work-loss benefits under the no-fault act is primarily a factual question; a trial court's ruling in this regard will be affirmed on appeal unless the ruling is clearly erroneous (MCL 500.3107[b]; MSA 24.13107[b]).

4. Insurance — No-Fault Act — Common Law — Payments — Mistakes of Fact.

The enactment of the no-fault act did not abolish the common-law right to recover payments made under a mistake of fact when not legally payable provided the payment has not caused such a change in the position of the payee that it would be unjust to require a refund (MCL 500.3101 et seq.; MSA 24.13101 et seq.).

5. Limitation of Actions — Insurance — No-Fault Act — Work-Loss Benefits — Reimbursement — Common Law.

The period of limitation applicable to a no-fault insurer's claim for reimbursement for the overpayment of work-loss benefits paid to its insured is six years; such an action seeking recovery for amounts overpaid involves the common-law right of action to recover payments made under a mistake of fact, therefore, the one-year limitation period found in § 3145(1) of the no-fault act is not applicable to the action (MCL 500.3145[1], 600.5813; MSA 24.13145[1], 27A.5813).

6. INSURANCE — NO-FAULT ACT — ATTORNEY FEES — WORK-LOSS
BENEFITS.

A trial court does not err in denying an insured's request for
attorney fees in an action seeking the payment of work-loss
benefits under the no-fault act where the amounts withheld by
the insurer were in dispute and the insurer did not unreason-
ably delay in making payment to the insured (MCL 500.3148;
MSA 24.13148).

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY J. E. TOWNSEND, J.

7. LIMITATION OF ACTIONS — INSURANCE — NO-FAULT ACT — WORK-
LOSS BENEFITS — REIMBURSEMENT.

*The period of limitation applicable to a no-fault insurer's claim
for reimbursement for the overpayment of no-fault work-loss
benefits is one year; it does not matter whether the insurer's
form of action is based upon statute or on the common law
(MCL 500.3145, 500.3146; MSA 24.13145, 24.13146).*

8. LIMITATION OF ACTIONS — NATURE OF DAMAGES SOUGHT.

*The nature of the damages sought rather than the form of a
plaintiff's action determines which statute of limitations con-
trols a particular case.*

*Law Offices of Michael J. Brochert* (by *David S.
Anderson*), for plaintiff.

*Dickinson, Brandt, Hanlon, Becker & Lanctot*
(by *Jeffrey A. Oakes*), and *Gromek, Bendure &
Thomas* (by *Nancy L. Bosh*), of counsel, for defen-
dant.

Before: BRONSON, P.J., and R. B. BURNS and J. E.
TOWNSEND,* JJ.

PER CURIAM. Plaintiff filed suit in Wayne Circuit
Court against the defendant seeking reinstatement
of no-fault work-loss benefits which had been ter-
minated by the defendant. The defendant filed a
counter-complaint seeking reimbursement for
amounts previously paid plaintiff allegedly in ex-
cess of what plaintiff was entitled to under the no-

* Circuit judge, sitting on the Court of Appeals by assignment.

fault act. Thereafter, the trial court denied plaintiff's motion for summary judgment and ordered a judgment in favor of the defendant by declaring the proper method of calculating work-loss benefits and ordering reimbursement of any overpayment. Plaintiff appeals by leave granted and defendant has filed a cross-appeal.

On May 5, 1983, plaintiff was involved in a motor vehicle accident which left him permanently disabled. He applied to the defendant, his no-fault automobile insurer, for work-loss benefits. At the time of the accident, plaintiff was a self-employed cosmetologist who worked as an independent contractor, paying forty-one percent of his weekly gross revenue as chair rental to the shop in which he worked. As an independent cosmetologist he was also required to pay all of his own business expenses including expenses for supplies and materials. Based on records received from plaintiff, defendant approved payment of eighty-five percent of plaintiff's average daily gross receipts commencing May 6, 1983.

In May, 1984, defendant determined that it had been overpaying the plaintiff and terminated further payments. Defendant maintained that plaintiff was only entitled to eighty-five percent of his *net* as opposed to his *gross* revenue. According to defendant, it should have deducted plaintiff's business expenses, claimed on Schedule C of his federal income tax return, from plaintiff's gross income in order to calculate his work-loss benefits under MCL 500.3107(b); MSA 24.13107(b). Plaintiff strenuously objects to defendant's interpretation of the relevant statute.

The first issue on appeal concerns the proper method for calculating work-loss benefits under § 3107(b) of the no-fault act for a self-employed claimant. It is undisputed that a self-employed

person is entitled to recover work-loss benefits. Plaintiff contends, however, that he is entitled to recover work-loss benefits under § 3107(b) based on the entirety of the *gross receipts* from the operation of his business, unreduced by any of the costs of doing business. Defendant argues that plaintiff's work-loss benefits should be based on his taxable income after subtracting plaintiff's business-related expenses which were claimed and deducted on his federal income tax return. Thus, defendant believes that work-loss benefits should be based solely on the *profit* plaintiff received from his business. The trial court agreed with defendant's interpretation of § 3107(b) and ruled that some, but not all, of plaintiff's business expenses should be deducted in determining work-loss benefits.

Section 3107(b) provides in part that a no-fault insurer is liable to pay benefits for work-loss consisting of *the loss of income from work* that an injured person would have performed during the first three years after the date of the accident if he had not been injured. The purpose of the section is to ensure that work-loss benefits are available to compensate injured persons for the income they would have received but for the accident. *MacDonald v State Farm Mutual Ins Co,* 419 Mich 146, 152; 350 NW2d 233 (1984), reh den 419 Mich 1213 (1984). In general, the no-fault act is designed to achieve the expeditious compensation of damages resulting from motor vehicle accidents and to minimize administrative delays and factual disputes. *Miller v State Farm Mutual Automobile Ins Co,* 410 Mich 538, 568; 302 NW2d 537 (1981), reh den 411 Mich 1154 (1981).

Unfortunately, the term "loss of income from work" is not defined in the statute. As a result, it is our duty to attempt to discover and give effect to the Legislature's intention in enacting § 3107(b)

from the language employed and the no-fault act as a whole. *Miller, supra,* p 556.

Although no Michigan case can be found which directly considers the issue presented, there are decisions which have considered the issue peripherally. In *Coates v Michigan Mutual Ins Co,* 105 Mich App 290; 306 NW2d 484 (1981), for example, the Court considered the legitimacy of a truck driver's claim for work-loss benefits under § 3107. In remanding the case to the trial court this Court stated:

> It is our opinion that the lost "rental" income in the present case represents lost income from work plaintiff would have performed if he had not been injured, but only to the extent it would have exceeded his costs of operating the truck on behalf of Central Transport. We therefore remand to the trial court to afford the parties an opportunity to present proofs regarding plaintiff's expected depreciation costs and expenses of operating the truck, which costs must then be subtracted from plaintiff's expected "rental" income, had he not been injured, in computing the benefits recoverable under § 3107(b). [*Id.,* p 297.]

Thus, from the opinion in *Coates* it appears that the Court believed that the term "loss of income" under § 3107(b) contemplates the deduction of business expenses from gross income where the claimant is a self-employed individual.

Further, in *McAdoo v United States,* 607 F Supp 788 (ED Mich, 1984), the federal district court expressly stated that any wages earned by an independent contractor seeking compensation for work-loss benefits must be offset by any sum that the claimant would have expended in facilitating his job responsibilities. In *McAdoo,* plaintiff was an independent contractor who produced earnings

records for the four years preceding his accident. His tax return indicated that expenses were approximately sixty-four percent of his business income. The district court held that plaintiff's workloss benefits must be based upon his adjusted gross income and that he was entitled to recover only thirty-six percent of his projected receipts for the period during which he was unable to work. *McAdoo, supra,* pp 797-798. The Pennsylvania courts have reached similar results. See *Kamperis v Nationwide Ins Co,* 503 Pa 536; 469 A2d 1382 (1983).

In the present case, we believe that the trial court did not err in ruling that plaintiff's business expenses should be deducted from his gross receipts in determining his lost income. The goal of the no-fault act is to place individuals in the same, but no better, position than they were before their automobile accident. Certainly, plaintiff cannot claim that his actual expendable income included even that income which he was required to pay out as business expenses. Therefore, in order to avoid over-compensating plaintiff, the trial court's interpretation of § 3107(b) was proper.

On cross-appeal, however, defendant argues that the trial court should have relied solely upon Schedule C of plaintiff's income tax return in determining what were appropriate business-related expenses. We disagree.

The trial court determined that only certain costs of doing business should be subtracted from plaintiff's gross receipts. These included chair rental, materials and supplies, advertising, laundry and cleaning, accounting services, utilities, telephone, license and office expenses. There were a number of other business-related expenses that plaintiff reported on his Schedule C which the court did not consider to be legitimate business expenses for purposes of the no-fault act. The

decision concerning whether certain business-related expenses should be deductible business expenses for purposes of determining work-loss benefits is primarily a factual question. In this case, we cannot say that the trial court's findings were clearly erroneous. MCR 2.613(C). Thus we refuse to adopt the rule advocated by the defendant that all of a self-employed claimant's business expenses reported on Schedule C of his or her tax return should automatically be deducted in determining work-loss benefits under the no-fault act. Therefore, we affirm the ruling of the trial court on this issue.

Next, we are asked to determine whether the enactment of the no-fault act abolished the common-law right to recover payments made under a mistake of fact. According to the plaintiff, since there is no section of the no-fault act which entitles insurers to maintain actions against insureds to recover overpaid work-loss benefits unless duplicate payment is received from a collateral source, defendant is therefore not entitled to reimbursement for any overpayments made to plaintiff. We do not agree.

At common law, it was recognized that a payment made under a mistake of fact when not legally payable may be recovered provided the payment has not caused such a change in the position of the payee that it would be unjust to require a refund. *General Motors Corp v Enterprise Heat & Power Co,* 350 Mich 176, 181; 86 NW2d 257 (1957). Here, a mistake of fact did occur concerning what plaintiff's average income was. Therefore, under the common law, defendant would be entitled to reimbursement unless plaintiff could establish some detrimental reliance. However, as plaintiff correctly points out, the no-fault act is a derogation of the common law and

there is no specific provision which permits reimbursement for overpayment.

In *Rusinek v Schultz, Snyder & Steele Lumber Co,* 411 Mich 502, 507; 309 NW2d 163 (1981), reh den 412 Mich 1101 (1981), our Supreme Court held that the common-law right to recover for loss of consortium was not impliedly abrogated by enactment of the no-fault statute. The Court stated that:

> Although a statute which expressly extinguishes a common-law right is a proper exercise of legislative authority, *Myers v Genesee County Auditor,* 375 Mich 1; 133 NW2d 190 (1965), statutes in derogation of the common law must be strictly construed, *Morgan v McDermott,* 382 Mich 333; 169 NW2d 897 (1969), and will not be extended by implication to abrogate established rules of common law, *Bandfield v Bandfield,* 117 Mich 80; 75 NW 287 (1898). The statute, however, must be construed sensibly and in harmony with the legislative purpose. *In re Cameron's Estate,* 170 Mich 578; 136 NW 451 (1912). [*Id.,* pp 507-508.]

In the present case, there is nothing in the language of the no-fault act or its legislative purpose that requires a construction abolishing the common-law right of reimbursement for payments made under a mistake of fact. Indeed, the statute appears equally susceptible to either interpretation argued by plaintiff and defendant. However, in following the well-established principle of statutory construction that statutes which abolish a common-law right should be strictly construed, we find that the trial court did not err in ruling that defendant could recover any overpayment of plaintiff's work-loss benefits.

Plaintiff also argues that only the one-year period of limitation under MCL 500.3145(1); MSA

24.13145(1) is applicable to defendant's claim for reimbursement for overpayment of work-loss benefits paid to an insured and therefore defendant can only collect the amount overpaid during the one-year period prior to the filing of its action. Defendant, on the other hand, argues that the six-year limitation period of MCL 600.5813; MSA 27A.5813 should be applied.

Both parties have presented compelling arguments on this issue. However, we believe that because defendant's action seeking recovery for amounts overpaid involves a common-law right of action, the limitation found in § 3145(1) is not applicable. Since there is no other statute of limitations directly applicable, the general six-year limitation period argued by defendant must be applied. Although we recognize that a strong argument to the contrary could be made, see *Badger State Mutual Casualty Ins Co v Auto-Owners Ins Co,* 128 Mich App 120, 128-129; 339 NW2d 713 (1983), we believe that plaintiff's argument tortures the language of § 3145 and the legislative intent in enacting that section in attempting to extend the limitation period found in that section to the facts of this case involving a common-law right of action. Therefore, defendant's claim against the plaintiff is not barred by the one-year period of limitation provision of § 3145(1).

Finally, both sides contend that the trial court erred in its award of attorney fees. Although the trial court specifically rejected plaintiff's request for reasonable attorney fees under MCL 500.3148; MSA 24.13148, the plaintiff was awarded attorney fees in the amount of $250. On appeal, plaintiff maintains that he was entitled to all his attorney fees, while defendant maintains that no attorney fees should have been awarded.

Initially, we hold that the trial court's decision

to deny plaintiff's request for attorney fees under § 3148 was entirely appropriate because the amounts withheld were in dispute and defendant did not unreasonably delay in making payment to plaintiff. Plaintiff's reliance on *Cole v Detroit Automobile Inter-Ins Exchange,* 137 Mich App 603; 357 NW2d 898 (1984) is misplaced. Further, once § 3148 was found to be inapplicable, the trial court had no authority to award the plaintiff $250 in attorney fees. Therefore, the grant of $250 to plaintiff for attorney fees was inappropriate.

Therefore, except for the award of $250 in attorney fees to the plaintiff, the judgment of the trial court is affirmed.

Affirmed in part and reversed in part.

J. E. TOWNSEND, J. *(concurring in part and dissenting in part.)* I concur in the foregoing opinion, except as to the period of limitation applicable to defendant insurance company's claim for reimbursement for overpayment of no-fault work-loss benefits.

Sections 3145 and 3146 of the no-fault act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.,* establish a special one-year period of limitation for commencing actions to recover no-fault benefits, whether by the insured or by the insurer for reimbursement or recovery.

At issue is whether the statutory one-year period of limitation relating to the recovery of no-fault benefits or the reimbursement thereof will be given a restricted or a broad application.

The initial clauses of subsections (1) and (2) of § 3145 broadly apply a one-year period of limitation to actions for recovery of personal and property protection insurance benefits.

It has been recognized repeatedly by Michigan courts that the general purpose of the no-fault act

is to ensure the prompt settlement of no-fault claims. Other statutory provisions which emphasize the importance placed on the prompt resolution of no-fault claims are § 3142, which imposes a twelve percent rate of interest on benefits not paid within thirty days of proof of loss, and § 3148, which imposes a sanction upon an insurance company that it pay the reasonable attorney fees of a claimant's attorney where the court finds an unreasonable refusal or delay in paying a claim. Such section imposes a reciprocal and equivalent sanction against a claimant for advancing a fraudulent claim or one having no reasonable foundation. A corollary of the goal of prompt claim resolution is the goal of finality of claim resolution.

The nature of damages sought rather than the form of a plaintiff's action determines which statute of limitations controls a particular case. *Rach v Wise,* 46 Mich App 729, 731-732; 208 NW2d 570 (1973), lv den 390 Mich 778 (1973); *Reiterman v Westinghouse, Inc,* 106 Mich App 698, 705; 308 NW2d 612 (1981); *State Mutual Cyclone Ins Co v O & A Electric Cooperative,* 381 Mich 318, 324-325; 161 NW2d 573 (1968); *Parish v B F Goodrich Co,* 395 Mich 271, 280; 235 NW2d 570 (1975)

In essence, such general principle was applied by a panel of this Court in the case of *Badger State Mutual Casualty Ins Co v Auto-Owners Ins Co,* 128 Mich App 120; 339 NW2d 713 (1983), in ruling that the one-year no-fault period of limitation applied to an action by a no-fault insurer against a workers' compensation insurer for reimbursement of no-fault benefits paid to an insured. The *Badger* Court stated on pages 128 and 129 as follows:

In the instant case, plaintiff is clearly seeking

recovery of the no-fault benefits paid to Read. As the trial court stated, while plaintiff's arguments are compelling, "the statutory language of MCL 500.3145 and 500.3146 makes mandatory the one-year statute of limitations where an action is commenced for recovery of personal protection insurance benefits . . . [t]he Legislature intended by this section to make the subject matter of the action determinative of the limitation rather than the position of the defendant, as plaintiff would advocate."

We further find that if § 3145(1) is applicable to a suit by a casualty insurer against a no-fault insurer for recovery of casualty benefits paid to an insured, *Home Ins Co v Rosquin,* 90 Mich App 682; 282 NW2d 446 (1979), then the section is also applicable to an action by a no-fault insurer against a workers' compensation insurer for reimbursement of no-fault benefits paid to an insured. To create an exception for suits against compensation carriers would defeat the purpose of the section and the no-fault act in general, which is to ensure prompt settlement of claims. *Federal Kemper Ins Co v Western Ins Cos,* 97 Mich App 204, 211; 293 NW2d 765 (1980).

The Court so found despite the fact that the action in question was not specifically authorized by § 3146, the application of which is limited to tort claims under § 3116.

In this case both opposing parties seek recovery of no-fault benefits. Plaintiff claimed that additional no-fault benefits should be paid and defendant claimed that it should receive reimbursement of no-fault payments made in error or by mistake. The nature of damages sought by both opposing parties is the same. The terms of the same no-fault statute and of the same insurance contract must be applied to determine the proper amount of benefits payable or reimbursable. It matter not

whether the defendant's form of action is based upon statute or on common law.

It is patently unfair to apply a one-year period of limitation to a claim for payment of no-fault benefits and to grant a six-year period of limitation to advance a claim for reimbursement of no-fault benefits paid in error under the same insurance contract and as a result of the same motor vehicle accident.

I would reverse that part of the trial court's decision which applied a six-year period of limitation and remand for application of a one-year period of limitation to defendant's claim for reimbursement of no-fault benefits paid in error.