MADDEN v EMPLOYERS INSURANCE OF WAUSAU

Docket No. 96143. Submitted November 17, 1987, at Lansing. Decided
    April 18, 1988. Leave to appeal applied for.

Michael Madden was injured in a one-car automobile accident
    while riding as a passenger in a car he did not own. He applied
    for personal injury protection benefits from Employers Insur-
    ance of Wausau, the insurer of the driver, stating that he,
    Madden, did not own an automobile and that there were no
    family members residing in his household who owned an auto-
    mobile. Wausau made personal injury protection payments to
    Madden totalling more than $18,000. A dispute arose and
    Madden filed suit against Wausau in Clare Circuit Court. It
    was then revealed that at the time of his injury Madden was
    living with his brother and sister-in-law, who owned an auto-
    mobile insured by Lake States Mutual Insurance Company.
    Wausau gave Lake States notice of a claim against Lake States,
    and Wausau filed a third-party complaint against Lake States
    seeking reimbursement for the benefits it had paid to Madden.
    Wausau also counterclaimed against Madden, seeking reim-
    bursement of the benefits it had paid to Madden, and Madden
    filed an amended complaint adding his earlier attorneys and
    their law firms as defendants. Wausau and Lake States both
    filed motions for summary disposition. Wausau's motion for
    summary disposition against Madden was denied, the court,
    Kurt N. Hansen, J., finding that there was a genuine issue of
    fact as to whether Madden was domiciled with his brother and
    sister-in-law at the time of the accident. Lake States' motion for
    summary disposition against Wausau was granted on the basis
    that Wausau's action against Lake States was barred by the
    one-year period of limitation for seeking payment of personal
    injury protection benefits under the no-fault act. Madden ulti-
    mately settled his claim for an additional $15,000, which was

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340 et seq., 443; Insurance
    §§ 1779, 1780.
When statute of limitations commences to run on automobile no-
    fault insurance personal injury claim. 36 ALR4th 357.
When statute of limitations begins to run against action to recover
    money paid by mistake. 79 ALR3d 754.

paid by Wausau while it preserved its right to indemnification or contribution against Lake States. All the other claims were dismissed with prejudice. Wausau appealed from the dismissal of its third-party complaint against Lake States.

The Court of Appeals *held:*

1. The cause of action brought by Wausau against Lake States was for recoupment of money paid by mistake, a common law cause of action that was not abrogated by the no-fault act. A suit to recover money paid by mistake therefore is not governed by the one-year statute of limitations relied upon by the court in dismissing Wausau's action against Lake States.

2. The Revised Judicature Act does not contain a specific statute of limitations to cover an action brought by one insurer against a second insurer for reimbursement of benefits that were mistakenly paid by the first insurer and which should have been paid by the second. The general six-year statute of limitations therefore is applicable, and Wausau commenced suit against Lake States well within the six-year limitation period.

Reversed and remanded.

M. J. KELLY, P.J., dissented. He would hold that Wausau's action against Lake States is essentially one for subrogation and therefore is subject to the one-year limitation period, as found by the circuit court. He would affirm.

1. PAYMENT — MISTAKE — RECOVERY.

Payments of money, although voluntarily made, if made under a mistake of a material fact, may be recovered, even if the mistake is due to a lack of investigation.

2. INSURANCE — NO-FAULT — PERSONAL INJURY PROTECTION BENEFITS — PAYMENT — MISTAKE — RECOVERY — LIMITATION OF ACTIONS.

The one-year period of limitation in the no-fault act for applying for personal injury protection benefits does not apply to an action for recovery of money paid by mistake; an action by one insurer against another insurer for the recovery of money paid by mistake by the first insurer as benefits for which the second insurer was liable is a common law cause of action which was not abrogated by the no-fault act and is subject to the general six-year statute of limitations as set forth in the Revised Judicature Act (MCL 500.3145[1], 600.5813; MSA 24.13145[1], 27A.5813).

*Fordney, Cady, Rusch & Prine, P.C.* (by *Andrew W. Prine*), for Employers Insurance of Wausau.

*Robert A. Burns,* for Lake States Mutual Insurance Company.

Before: M. J. Kelly, P.J., and G. R. McDonald and J. D. Payant,* JJ.

J. D. Payant, J. Employers Insurance of Wausau appeals as of right from an order dismissing its third-party complaint against Lake States Mutual Insurance Company under MCR 2.116(C)(7). The trial court found that Wausau's third-party complaint was barred by the one-year limitation period contained in MCL 500.3145(1); MSA 24.13145(1). We reverse the order of the circuit court.

On March 6, 1983, plaintiff Michael Madden was injured in a one-car automobile accident while riding as a passenger in a car he did not own. Madden filed an application for personal injury protection benefits with Wausau, the driver's insurance company. Madden indicated on the application that he did not own an automobile and there were no family members residing in his household who owned an automobile.

Wausau wrote a letter to Madden's attorney, David A. Nelson, questioning whether Madden did, in fact, have benefits available to him. Nelson responded in a letter that Madden did not have benefits available to him other than through Wausau. Wausau requested an affidavit verifying that Madden had no other available benefits. Nelson provided an affidavit stating that to the best of his information and belief, Madden had no insurance available to him other than through Wausau. Wausau began making personal injury protection payments to Madden totaling in excess of $18,000.

Eventually, a dispute arose over certain claimed

* Circuit judge, sitting on the Court of Appeals by assignment.

benefits. On March 23, 1984, Madden filed suit against Wausau. In December of 1984, Madden revealed during a deposition that at the time of the accident he was living with his brother. Madden's brother owned a car that was insured at the time of the accident by Lake States. Madden's brother and sister-in-law were deposed in February, 1985. They indicated that on the day of the accident Madden was living with them at the address that Madden had given on his application for benefits that he filed with Wausau. They also indicated that they owned an automobile that was insured by Lake States at the time of the accident.

On February 27, 1985, Wausau gave Lake States notice of a claim against Lake States. On March 7, 1985, an application for benefits was filed with Lake States on plaintiff's behalf. Coverage was denied on March 8, 1985, and March 12, 1985.

On April 4, 1985, Wausau sought leave of the trial court to add Lake States as a third-party defendant. Leave was granted, and a third-party complaint was filed on May 17, 1985. In addition, Wausau counterclaimed against Madden. Madden then filed an amended complaint adding Jay F. Trucks; Law Offices of Hughes & Trucks, P.C.; David A. Nelson, individually; and David A. Nelson, P.C., as party defendants. In addition, Madden, as counter-defendant to Wausau's counterclaim, filed a third-party complaint against Jay F. Trucks; Law Offices of Hughes & Trucks, P.C.; David A. Nelson, individually; and David A. Nelson, P.C.

Both Wausau and Lake States filed summary disposition motions. Wausau's motion for summary disposition against Madden was denied. The trial court found that there was a genuine issue of fact as to whether Madden was domiciled with his brother and sister-in-law at the time of the acci-

dent. Lake States' motion for summary disposition against Wausau was granted on the basis that the action was barred by the statute of limitations contained in MCL 500.3145(1); MSA 24.13145(1). Ultimately, Madden settled his claim for an additional $15,000, which was paid by Wausau while it preserved its right to indemnification or contribution against Lake States. All other claims were dismissed with prejudice.

Under the no-fault act contained in the Insurance Code of 1956, there is a one-year limitation period in which a claimant may file suit against an insurer to recover personal protection insurance benefits. Section 3145 of the code provides as follows:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later that 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. [MCL 500.3145(1); MSA 24.13145(1).]

The issue in the present case is whether the above statute of limitations applies when an insurer is suing another insurer on the basis that it paid benefits by mistake for which the defendant insurer was liable. Therefore, we note initially that the cases cited by Lake States involving individual claimants are inapplicable to resolution of the issue of whether § 3145 applies to suits between insurance companies.

One of this Court's first opportunities to review this issue was in *Home Ins Co v Rosquin,* 90 Mich App 682; 282 NW2d 446 (1979), lv den 408 Mich

855 (1980). In *Home Ins Co,* an accident occurred in December, 1974. The plaintiff paid benefits to the owner of the insured building and filed suit against the drivers of the automobiles that damaged the building. In April, 1975, the plaintiff learned that the automobiles had insurance coverage that should have provided benefits to the building owner. However, the automobile insurers refused to pay benefits and in May, 1976, the plaintiff amended its previously filed complaint to include the other insurers. This Court held that the one-year statute of limitations period in § 3145 barred the plaintiff's claim against the insurers of the automobiles. However, in a footnote, this Court said, "If plaintiff did not know who the defendants' insurers were or could not have discovered, after reasonable effort, who the insurers were, we might have been persuaded to adopt a different result." *Id.,* p 686, n 3.

The issue next arose in *Keller v Losinski,* 92 Mich App 468; 285 NW2d 334 (1979), where an injured person filed suit against one no-fault insurer, who in turn made a claim against another no-fault insurer. However, the accident occurred in March, 1975, and the claim by one insurer against the other insurer was not made until April, 1977. Two members of the panel held that the claim between insurers was barred by the one-year statute of limitations period in § 3145. The insurance company claimant argued that § 3145 did not apply because its claim was for indemnification rather than for recovery of personal injury protection benefits. However, that argument was rejected by the majority, which treated the claim as one of subrogation in which the insurer's rights could not be expanded past the insured's rights and consequently the insurer's action was barred by the one-year statute of limitations of § 3145.

Judge ALLEN dissented on the basis that he believed § 3145 did not apply to a suit between two insurers, one of which paid the policyholder under the mistaken belief that the injured party had no other insurance. Judge ALLEN was persuaded by the argument that such a suit was an action for indemnity rather than an action for personal injury protection benefits. Thus, the limitation period began to run either on the date the mistake was discovered or on the date the payment was made. The dissent stressed that the insurance company that paid benefits was not at fault for erroneously believing that its policyholder had no other insurance.

In *Federal Kemper Ins Co v Western Ins Cos*, 97 Mich App 204; 293 NW2d 765 (1980), a person was injured while he was a passenger in a vehicle insured by the plaintiff. The plaintiff asserted that the defendant was also potentially liable because the defendant insured the injured person's brother, with whom the injured person resided. Although the accident occurred in 1973, the plaintiff did not file suit against the defendant until 1976. Citing *Home Ins Co,* this Court held that the plaintiff's claim for subrogation was barred by the one-year statute of limitations period contained in § 3145. This Court noted that the plaintiff knew all along that the defendant was denying liability, but waited almost three years to file suit. Such an action would have barred the injured person's ability to recover. Since the subrogated insurer has no greater rights than its insured, the action was barred by the statute of limitations.

*Home Ins Co* and *Federal Kemper Ins Co* were followed in *Michigan Mutual Ins Co v Home Mutual Ins Co,* 108 Mich App 274; 310 NW2d 362 (1981). As in both of those cases, the plaintiff in *Michigan Mutual Ins Co* knew of its potential

claim against the defendant in April, 1978, but did not file suit until April, 1980. This Court held that the plaintiff's suit was barred by § 1345.

We find the conclusion and most of the reasoning in Judge ALLEN's dissent in *Keller* to be persuasive although we disagree that the doctrine of indemnity as used in tort law was applicable. The cause of action brought by Wausau against Lake States was for recoupment of money paid by mistake. It should not be characterized as subrogation, nor should it be characterized as indemnity as used in tort law. It is indemnity in the sense of seeking a return of money paid by mistake. It is clear in our law that payments of money, although voluntarily made, if made under a mistake of a material fact, may be recovered, even if the mistake is due to a lack of investigation. *Montgomery Ward & Co v Williams,* 330 Mich 275; 47 NW2d 607 (1951).

Section 3145 applies only to actions to recover personal injury protection benefits and does not apply to an action for recovery of money paid by mistake. The recovery of money paid by mistake is a common law cause of action that was not abrogated by the no-fault act. *Adams v Auto Club Ins Ass'n,* 154 Mich App 186, 195; 397 NW2d 262 (1986). Therefore, a suit to recover money paid by mistake is not governed by the one-year statute of limitations period contained in § 3145.

The next question is what statute of limitations governs in a case of a first insurer bringing an action against a second insurer for benefits that were mistakenly paid by the first insurer and which should have been paid by the second. As the Revised Judicature Act does not contain a specific statute of limitations to cover such a situation, the general six-year statute of limitations of MCL 600.5813; MSA 27A.5813 governing actions not

covered by specific statutes of limitation is applicable. Wausau commenced suit against Lake States well within the six-year period.

Equity dictates this result. The purpose of the no-fault statute is to establish a scheme whereby a person injured in a motor vehicle accident would promptly receive payments of his claim for economic losses from an insurer who received compensation, in the form of premiums, to assume the risk of having to pay the claim. Madden received payment of his claim to his satisfaction. The purpose of the no-fault statute will be fulfilled when an adjudication has been made that the insurance company that received the premiums in return for accepting the risks pays those benefits according to the priorities set forth in MCL 500.3114(1); MSA 24.13114(1) and MCL 500.3114(4); MSA 24.13114(4).

Wausau also argues that (1) the statute of limitations period contained in § 3145 was tolled and (2) the statute of limitations period in § 3145 did not begin to run until Wausau discovered or should have discovered the existence of its cause of action against Lake States. Since we hold that the § 3145 statute of limitations period does not apply to the present case, we will not address these issues.

The order of the circuit court dismissing Wausau's third-party complaint against Lake States is reversed and this case is remanded for reinstatement of Wausau's complaint.

Reversed and remanded.

G. R. MCDONALD J., concurred.

M. J. KELLY, P.J. *(dissenting)*. I respectfully dissent.

The fact situation presented here is not distinguishable from that in *Michigan Mutual Ins Co v*

*Home Mutual Ins Co,* 108 Mich App 274; 310 NW2d 362 (1981). Here, as in *Michigan Mutual,* a no-fault insurer paid personal protection insurance benefits and then subsequently became aware of a second contract of insurance with a higher priority. On these facts this Court held that the plaintiff insurer was essentially bringing a subrogation action subject to the one-year limitation period. MCL 500.3145(1); MSA 24.13145(1).

As the author of the prior opinion, I am not persuaded that the reasoning is no longer viable. I would affirm.