AUTO CLUB INSURANCE ASSOCIATION v NEW YORK LIFE
INSURANCE COMPANY

Docket No. 115365. Submitted June 6, 1990, at Detroit. Decided
November 29, 1990; approved for publication January 29, 1991,
at 9:40 A.M. Leave to appeal sought.

The Auto Club Insurance Association brought an action in the
Wayne Circuit Court, seeking reimbursement from New York
Life Insurance Company of certain medical expenses paid by it
pursuant to the personal protection benefits provision of a no-
fault insurance policy to its insured who was also an insured
under a medical insurance policy issued by the defendant. The
defendant moved for summary disposition on the basis that the
one-year limitation period of the personal protection provision
of the no-fault insurance act barred the action. The trial court,
Claudia House Morcom, J., denied the defendant's motion. The
defendant appealed by leave granted.

The Court of Appeals *held:*

Section 3145(1) of the no-fault insurance act, MCL
500.3145(1); MSA 24.13145(1), which sets forth a one-year pe-
riod of limitation for bringing an action for personal protection
benefits, applies to an action brought by a no-fault insurer
against a medical insurer for reimbursement of medical expen-
ses paid by the no-fault insurer.

1. An action to seek reimbursement of no-fault personal
protection benefits which have been paid, no matter how it is
denominated, is an action for benefits pursuant to the no-fault
act.

2. While there is a conflict among the panels of the Court of
Appeals whether the limitation period is applicable where a no-
fault insurer sues another insurer for reimbursement, the
better-reasoned position is that the one-year limitation period is
applicable in those circumstances.

Reversed.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 348, 443.
See the Index to Annotations under No-Fault Insurance; Reim-
bursement; Subrogation.

INSURANCE — NO-FAULT — PERSONAL PROTECTION BENEFITS — MEDI-
CAL EXPENSES — LIMITATION OF ACTIONS.

The one-year period of limitation of the no-fault insurance act for
bringing an action for personal protection benefits applies to an
action brought by a no-fault insurer against a medical insurer
for reimbursement of medical expenses paid by the no-fault
insurer (MCL 500.3145[1]; MSA 24.13145[1]).

*Brandt, Hanlon, Becker, Lanctot, McCutcheon,
Schoolmaster & Taylor* (by *Darleen Lynn Petro-
sky*), and *Cheatham & Acker, P.C.* (by *James G.
Gross*), of Counsel, for the plaintiff.

*Fitzgerald, Peters, Dakmak & Miller, P.C.* (by
*Neill T. Peters* and *Stuart J. Snider*), for the
defendant.

Before: GRIBBS, P.J., and CAVANAGH and MARI-
LYN KELLY, JJ.

PER CURIAM. Defendant appeals by leave
granted from a circuit court order denying defen-
dant's motion for summary disposition. The under-
lying action involves an attempt by plaintiff no-
fault insurer to recover from defendant medical
insurer payments made by plaintiff to an insured.
The sole issue on appeal is whether the one-year
limitation period of MCL 500.3145(1); MSA
24.13145(1) applies in this case. We conclude that
the limitation period does apply to bar this action,
and we reverse the decision of the trial court.

MCL 500.3145(1); MSA 24.13145(1) provides:

An action for recovery of personal protection
insurance benefits payable under this chapter for
accidental bodily injury may not be commenced
later than 1 year after the date of the accident
causing the injury unless written notice of injury
as provided herein has been given to the insurer
within 1 year after the accident or unless the
insurer has previously made a payment of per-

sonal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury.

The insured in this case died on October 10, 1984. This action was filed on August 15, 1988.

First, we reject the trial court's finding that § 3145 does not apply because this action involves "other health and accident coverage." Plaintiff paid personal protection benefits to its insured and subsequently sought reimbursement from defendant of a portion of those benefits. "No matter how one characterizes the plaintiff's action, it is, in effect, a suit for recovery of no-fault benefits paid." *Badger State Mutual Casualty Ins Co v Auto-Owners Ins Co,* 128 Mich App 120, 127; 339 NW2d 713 (1983).

There is a conflict among panels of this Court with regard to whether the one-year period of limitation of § 3145 applies when a no-fault insurer sues another insurer. This Court in two separate two-member majority opinions has ruled that § 3145 is inapplicable to an insurance company's claim for reimbursement of money paid by mistake. See *Madden v Employees Ins of Wausau,* 168 Mich App 33; 424 NW2d 21 (1988) (MICHAEL J. KELLY, J., dissenting); *Adams v Auto Club Ins*

*Ass'n,* 154 Mich App 186; 397 NW2d 262 (1986) (J. E. TOWNSEND, J., dissenting in part).

However, we believe the line of cases applying § 3145 to actions for reimbursement of personal protection insurance benefits paid to an insured reflects the better-reasoned view. See *Badger State,* 128 Mich App 129; *Bohlinger v DAIIE,* 120 Mich App 269; 327 NW2d 466 (1982); *Allstate Ins Co v Frankenmuth Mutual Ins Co,* 111 Mich App 617; 314 NW2d 711 (1981); *Home Ins Co v Rosquin,* 90 Mich App 682; 282 NW2d 446 (1979). As Judge Townsend suggested in his dissenting opinion in *Adams,* 154 Mich App 197-200, consistent application of the one-year period of limitation is in keeping with the no-fault act's purpose: to ensure prompt settlement of claims. We are not swayed by plaintiff's claim that application of § 3145 in this case would be unfair. Plaintiff, as a no-fault insurer, is presumably well acquainted with the no-fault act and the workings of § 3145. *Badger State,* 128 Mich App 132; *Home Ins Co,* 90 Mich App 686.

Reversed.