CITIZENS INSURANCE COMPANY OF AMERICA v AMERICAN
COMMUNITY MUTUAL INSURANCE COMPANY

Docket No. 127446. Submitted May 12, 1992, at Detroit. Decided
September 22, 1992; approved for publication January 4, 1993,
at 9:00 A.M.

Citizens Insurance Company of America, as the no-fault insurer
and subrogee of two persons who were also insured under
group health policies issued by American Community Mutual
Insurance Company, brought an action in the Wayne Circuit
Court against American Community, seeking reimbursement of
benefits paid for the medical care of the two insureds after
their injuries in automobile accidents. Both insurers' policies
provided for the coordination of benefits. The defendant moved
for summary disposition, asserting that the claim was barred
by the three-year period of limitation of MCL 500.3422,
500.3610; MSA 24.13422, 24.13610, and the plaintiff moved for
summary disposition, asserting that its claim was timely under
the six-year statute of limitations governing claims for money
paid by mistake and that it was entitled to judgment pursuant
to *Federal Kemper Ins Co, Inc v Health Ins Administration,
Inc,* 424 Mich 537 (1986). The court, Michael L. Stacey, J.,
granted summary disposition for the plaintiff. The defendant
appealed.

The Court of Appeals *held:*

1. The plaintiff's claim is not an action for money paid by
mistake, but is a subrogation action that is properly subject to
the three-year period of limitation.

2. The trial court erred in ruling that the defendant was
estopped from asserting the three-year statute of limitations.
The defendant did nothing to induce either the insureds or the
plaintiff to refrain from submitting a no-fault claim or bringing
an action within the three-year limitation period.

Reversed and remanded for entry of judgment for the defendant.

*Garan, Lucow, Miller, Seward, Cooper & Becker,
P.C.* (by *David E. Oppliger* and *Daniel S. Saylor*),
for Citizens Insurance Company of America.

*Miller, Canfield, Paddock & Stone* (by *Kevin J. Moody* and *Clifford T. Flood*), for American Community Mutual Insurance Company.

Before: Holbrook, Jr., P.J., and Sullivan and Taylor, JJ.

Per Curiam. This is a declaratory action in which plaintiff no-fault insurer sought to recover from defendant medical insurer payments made by plaintiff to two insureds. Defendant appeals as of right from the circuit court's orders granting plaintiff's motion for summary disposition under MCR 2.116(C)(10) and denying defendant's motion under MCR 2.116(C)(7) and (10). We reverse.

Plaintiff provided no-fault automobile insurance to Robert J. Majurin and Heather Martin. Defendant provided each of them medical and hospitalization insurance through group plans with their respective employers. Majurin was injured in an automobile accident on August 8, 1983. Martin was injured on May 21, 1984. Defendant paid $300 toward each of their medical expenses under a coordination of benefits clause in the group policies. Plaintiff's policies also contained coordination of benefits clauses.

Plaintiff filed this action on July 28, 1989. Defendant asserted that the three-year contractual limitation period applied to bar the claims.[1] Plaintiff argued for the application of the six-year limitation period of either MCL 600.5807(8); MSA

[1] On appeal, defendant also argued that the one-year limitation period of the no-fault act, MCL 500.3145(1); MSA 24.13145(1), should apply. Defendant relied on a decision of this Court that has now been reversed by our Supreme Court. *Auto Club Ins Ass'n v New York Life Ins Co,* 187 Mich App 276; 466 NW2d 711 (1990), rev'd 440 Mich 126; 485 NW2d 695 (1992). The Court held, in a unanimous opinion, that § 3145(1) of the no-fault act does not apply to a no-fault carrier's action to recover benefits due under the insured's coordinated health and accident coverage.

27A.5807(8) (general contract or quasi-contract) or MCL 600.5813; MSA 27A.5813 (all other personal actions). The trial court agreed with plaintiff, ruling that this was a claim for money paid by mistake, a common-law cause of action to which the six-year period applied. The court also ruled that defendant was estopped from relying on the contractual limitation period because it had asserted its coordination clause to induce the insureds to submit their claims to their no-fault carriers only.

The trial court erred in both of its rulings. Plaintiff's claim is not a common-law action for money paid by mistake; it is a common-law subrogation action. See *Auto Club Ins Ass'n v New York Life Ins Co,* 440 Mich 126, 135-136; 485 NW2d 695 (1992); *Federal Kemper Ins Co v Western Ins Cos,* 97 Mich App 204, 208; 293 NW2d 765 (1980). There was no mistake of fact here, unlike in the cases relied on by plaintiff and the trial court, *Madden v Employers Ins of Wausau,* 168 Mich App 33; 424 NW2d 21 (1988), and *Adams v Auto Club Ins Ass'n,* 154 Mich App 186; 397 NW2d 262 (1986).

Plaintiff argues that its claim exists by operation of law, arising out of our Supreme Court's decision in *Federal Kemper Ins Co, Inc v Health Ins Administration, Inc,* 424 Mich 537; 383 NW2d 590 (1986). It contends that it is not, therefore, bound by the contractual limitation period, which would bind the insured. Regardless of whether a right of subrogation arises by operation of law or by contract, the controlling general principles are the same: the subrogee, upon paying an obligation owed to the subrogor as the primary responsibility of a third party, is substituted in the place of the subrogor, thereby attaining the same and no greater rights to recover against the third party.

*Morrow v Shah,* 181 Mich App 742, 749; 450 NW2d 96 (1989).

Specifically, the insurer's subrogation action is barred by the statute of limitations if the insured's action would be so barred, unless circumstances would make that result inequitable. *Federal Kemper Ins Co v Western Ins Cos, supra,* pp 210-211. No such circumstances exist in this case. The three-year limitation period is a reasonable amount of time. It is, as defendant argued, a mandatory standard contract provision for health insurance policies. MCL 500.3422, 500.3610; MSA 24.13422, 24.13610. It would have barred the insureds' claims for benefits and, consequently, it barred plaintiff's subrogation claims as well.

The trial court also erred in ruling that defendant was estopped from asserting the statute of limitations. It did nothing to induce either the insureds or plaintiff to refrain from submitting a claim or bringing an action within the applicable time limit. *Lothian v Detroit,* 414 Mich 160, 177; 324 NW2d 9 (1982).

The trial court correctly ruled that plaintiff would, ordinarily, be entitled to reimbursement from defendant for the benefits paid to the two insureds. *Federal Kemper Ins Co, Inc v Health Ins Administration, Inc, supra.* It erred, however, in denying defendant's motion for summary disposition under MCR 2.116(C)(7), because plaintiff's claim was time-barred.

Reversed and remanded for entry of judgment in favor of defendant. We do not retain jurisdiction.