STATE AUTO INSURANCE COMPANIES v VELAZQUEZ

Docket No. 253886. Submitted June 7, 2005, at Grand Rapids. Decided June 16, 2005, at 9:00 a.m.

State Auto Insurance Companies, as subrogee of one of its insured, brought an action in the Kent Circuit Court against Jose Flores Velazquez and Poly-Trucking, Inc., to recover personal injury protection (PIP) benefits paid to the plaintiff's insured stemming from an automobile accident. In a separate action, the plaintiff's insured had brought tort claims for noneconomic damages and economic damages beyond the statutory limits for PIP benefits recovery, but did not make a claim for any of the expenses or damages already redressed through PIP benefits payment from the plaintiff. In the action by State Auto Insurance Companies, the court, James R. Redford, J., granted summary disposition for the defendants on the ground that Poly-Trucking is not liable for PIP benefits under the no-fault act because it is an out-of-state, self-insured vehicle owner. State Auto Insurance Companies appealed.

The Court of Appeals *held*:

1. The trial court erred in granting summary disposition for the defendants. Although an out-of-state, self-insured vehicle owner that has not operated his or her motor vehicle in Michigan for more than thirty days in a calendar year is not required to maintain no-fault insurance and can avoid the statutory obligation of paying PIP benefits by choosing not to participate in the no-fault system, the owner does not enjoy the tort immunity granted in the act. Although not liable for PIP benefits to the plaintiff's insured, such an owner is liable in tort for all injuries resulting directly from his or her wrongful act, whether foreseeable or not, if the damages were the legal and natural consequences of his or her conduct and might reasonably have been anticipated. As the insured's subrogee upon payment of the insured's PIP claim, the plaintiff possessed the right to recoup from the defendants amounts paid as PIP benefits to the plaintiff's insured.

2. The trial court did not decide the issue of the validity of a release signed by the plaintiff's insured for the benefit of the

defendants after the insured reached a settlement regarding the insured's separate negligence action. The plaintiff paid PIP benefits to the insured before the release was signed by the insured. Because the plaintiff was subrogated for the insured with regard to the paid benefits before the execution of the release, the insured no longer had the ability to sign away the plaintiff's rights. The release did not extinguish the plaintiff's subrogation claim.

Reversed and remanded.

1. INSURANCE — NO-FAULT ACT — NONPARTICIPATING OWNER — LIABILITY.

An out-of-state, self-insured vehicle owner who has not operated his or her motor vehicle in Michigan for more than thirty days in a calendar year is not required to maintain no-fault insurance and can avoid the statutory obligation of paying personal injury protection benefits by choosing not to participate in the no-fault system; that owner would not enjoy the tort immunity granted in the no-fault act and would be liable in tort for all injuries resulting directly from his or her wrongful act, whether foreseeable or not, if the damages were the legal and natural consequences of his or her conduct and might reasonably have been anticipated.

2. INSURANCE — NO-FAULT ACT — SUBROGATION OF CLAIMS — SUBSEQUENT RELEASE.

Where an insurer has paid personal injury protection benefits to an insured before the insured signed a release in favor of the party responsible for the insured's injury, because the insurer is subrogated for the insured with regard to the paid benefits before the execution of the release, the insured no longer has the ability to sign away the insurer's rights, and such a release will not extinguish the insurer's subrogation claim.

*Straub, Seaman & Allen, P.C.* (by *Joseph R. Enslen* and *Mary Catherine Beach*), for the plaintiff.

*Warner Norcross & Judd LLP* (by *Douglas E. Wagner* and *Janet Ramsey*) for the defendants.

Before: HOEKSTRA, P.J., and JANSEN and KELLY, JJ.

PER CURIAM. Plaintiff appeals as of right a circuit court order granting defendants' motion for summary disposition. Plaintiff State Auto Insurance Companies

filed this action against Jose Flores Velazquez and Poly-Trucking, Inc., a self-insured, out-of-state automobile owner, in an attempt to recover personal injury protection (PIP) benefits paid to its insured stemming from an automobile accident. We reverse and remand.

Plaintiff asserts that, while the trial court correctly granted summary disposition to defendants regarding plaintiff's direct action for recovery of PIP benefits pursuant to the no-fault insurance act, the trial court erred in also dismissing plaintiff's claim as subrogee to its insured because defendants did not enjoy the immunities of the act. We agree.

On appeal, a trial court's decision on a motion for summary disposition is reviewed de novo. *Dressel v Ameribank,* 468 Mich 557, 561; 664 NW2d 151 (2003). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Corley v Detroit Bd of Ed,* 470 Mich 274, 278; 681 NW2d 342 (2004). In reviewing a decision on a motion for summary disposition based on the lack of a material factual dispute, an appellate court considers the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted in the light most favorable to the party opposing the motion. MCR 2.116(C)(10), (G)(5); *Maiden v Rozwood,* 461 Mich 109, 120; 597 NW2d 817 (1999). Summary disposition was appropriately granted if there was no genuine issue regarding any material fact and if the moving party was entitled to judgment as a matter of law. *Id.*

Plaintiff's argument is based not on a right stemming from the no-fault act, but on its right as its insured's subrogee. The parties agree that defendants, because they are not participating in Michigan's no-fault insurance system, do not enjoy the rights and immunities granted by the act. In fact, plaintiff's insured filed a tort

negligence action against defendants and eventually settled his claim with defendants for $197,500 for noneconomic damages and economic damages beyond the statutory limits for PIP benefits recovery. Plaintiff's insured did not make a claim for any of those expenses or damages already redressed through PIP benefits.

As noted by this Court in *Steinmann v Dillon,* 258 Mich App 149, 153-154; 670 NW2d 249 (2003):

> Black's Law Dictionary (7th ed) defines "subrogation" as "[t]he substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to the debtor" and, alternatively, as "[t]he principle under which an insurer that has paid a loss under an insurance policy is entitled to all the rights and remedies belonging to the insured against a third party with respect to any loss covered by the policy." A subrogee "stands in the shoes of the subrogor and acquires no greater rights than those possessed by the subrogor." *Yerkovich [v AAA,* 461 Mich 732, 737; 610 NW2d 542 (2000)].

Plaintiff's right of subrogation regarding the PIP benefits accrued upon payment of PIP benefits to its insured. *Citizens Ins Co of America v American Community Mut Ins Co,* 197 Mich App 707, 709; 495 NW2d 798 (1992) ("[T]he subrogee, *upon paying* an obligation owed to the subrogor as the primary responsibility of a third party, is substituted in the place of the subrogor, thereby attaining the same and no greater rights to recover against the third party.").

Defendants rely, in part, on *Parks v Detroit Automobile Inter-Ins Exch,* 426 Mich 191; 393 NW2d 833 (1986), for the premise that defendant Poly-Trucking, as an out-of-state, self-insured vehicle owner, is not liable for statutory PIP benefits. Defendants then argue that, because they are not liable for such benefits, plaintiff's insured had no right against defendants for

PIP benefits. However, *Parks* is distinguishable from the present case. In *Parks,* our Supreme Court dealt with whether an out-of-state, self-insured vehicle owner was liable to its own employee for statutory PIP benefits where the employee was injured while working in its trailer in Michigan. *Id.* at 195-197. There was no issue of negligence in *Parks,* where the employee injured himself while lifting a carton of brass fittings, as there is in this case. *Id.* at 196. While an out-of-state, self-insured vehicle owner who has not operated his motor vehicle in Michigan for more than thirty days in the calendar year is not required to maintain no-fault insurance and can avoid the statutory obligation of paying PIP benefits by choosing not to participate in the system, the owner will not enjoy the tort immunity granted in the act.

Therefore, although defendants are not liable under the no-fault act for the payment of PIP benefits to plaintiff's insured, this does not automatically mean that they are not liable for the same economic damages redressed by PIP benefits based on fault. PIP benefits include payment for economic losses including "all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." MCL 500.3107(1)(a). Generally, a negligent defendant is liable for all injuries resulting directly from his or her wrongful act, whether foreseeable or not, if the damages were the legal and natural consequences of the defendant's conduct and might reasonably have been anticipated. *Ensink v Mecosta Co Gen Hosp,* 262 Mich App 518, 524; 687 NW2d 143 (2004). Such damages would include plaintiff's insured's medical expenses and lost wages, which are also covered by PIP benefits.

As such, defendants' assertion that plaintiff's insured had no right against them for PIP benefits means little where the insured possessed the right to recover the same type of damages from defendants in his tort negligence suit. While plaintiff's insured chose not to request such damages so as to relieve himself of the duty to reimburse plaintiff out of his recovery pursuant to MCL 500.3116, he still possessed the right to request such damages. Therefore, plaintiff, as the insured's subrogee, also possessed the right to request such damages.

Plaintiff also requests that this Court consider the validity of a release signed by its insured for the benefit of defendants after reaching a settlement regarding plaintiff's insured's negligence action. While the trial court clearly stated that its references to the release signed by plaintiff's insured were dicta, appellate consideration of an issue raised before the trial court, but not specifically decided by the trial court, is not precluded. *Peterman v Dep't of Natural Resources,* 446 Mich 177, 183; 521 NW2d 499 (1994); *Pro-Staffers, Inc v Premier Mfg Support Services, Inc,* 252 Mich App 318, 324; 651 NW2d 811 (2002). Therefore, we will consider this issue.

As noted above, plaintiff became subrogated to its insured's right against defendants for the type of damages provided in PIP benefits when plaintiff paid such benefits. Plaintiff paid PIP benefits to its insured before the signing of the release in question and even before the filing of the insured's suit against defendants in tort for negligence. Therefore, plaintiff was already standing in "the shoes of the subrogor" insured with regard to the paid benefits and plaintiff's insured no longer had the ability to sign away plain-

tiff's rights in this regard. For this reason, the September 18, 2003, release did not extinguish plaintiff's subrogation claim.

Reversed and remanded. We do not retain jurisdiction.